UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, ) ) ) | Case No. 4:11CV106 |
| Plaintiff, ) ) | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| v. ) ) | |
| SIMPLEX GRINNELL, LP., et al., ) ) | **MEMORANDUM OPINION & ORDER** |
| Defendants. ) | |

The instant matter is before the Court on the following motions: Plaintiff The Cincinnati Insurance Company's ("CIC") motion to dismiss its case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) (ECF Dkt. #30); Plaintiff's motion to stay to allow the state court action to proceed in due course (ECF Dkt. #22); Plaintiff's motion for leave to file an amended complaint (ECF Dkt. #26); Defendant Simplex Grinnell LP's ("Simplex") motion for summary judgment (ECF Dkt. #15); and Plaintiff's motion for an additional time to respond to defendant's motion for summary judgment (ECF Dkt. #36).

For the following reasons, the Court GRANTS Plaintiff's motion to dismiss the instant case without prejudice. ECF Dkt. #30. Consequently, the Court DENIES AS MOOT the remaining motions pending in this case. ECF Dkt. #s 15, 22, 26, and 36.

**I.   PROCEDURAL AND FACTUAL HISTORY**

On September 22, 2010, Simplex filed a complaint against Windsor House, Inc. ("Windsor") in the Trumbull County Court of Common Pleas ("*Simplex v. Windsor House* case"). *See* Case Number 2010CV2503 at http://courts.co.trumbull.oh.us/pa.urd/pamw2000.docket_lst?44923582. Simplex asserted in the first count of its complaint that Windsor owed it the sum of $30,898.70 for a statement of account for goods, materials and/or services delivered. *Id*. Simplex averred in the

second count that it provided Windsor with the goods, materials, and/or services, Windsor accepted, and Windsor therefore owed Simplex for goods, materials, and/or services delivered. *Id.* In the third count, Simplex asserted a claim of unjust enrichment. *Id.* On December 10, 2010, Windsor answered the complaint and filed a counterclaim against Simplex, alleging that it retained Simplex's services to maintain, repair and upgrade its sprinkler system at Liberty Health Care Center ("Liberty") and Simplex negligently inspected, maintained, repaired and/or replaced the sprinkler system during 2008 and 2009 which resulted in damage to Liberty's structure, equipment and supplies and caused business interruptions and lost profits in 2009 and 2010. ECF Dkt. #30-1 at 4.

On December 15, 2010, CIC filed a complaint in the Trumbull County Court of Common Pleas against Simplex and John Does I through IV in Case Number 2010CV3223, which Simplex removed to this Court on January 18, 2011. ECF Dkt. #1. In this complaint, CIC averred that it had an insurance policy in full force and effect in the name of Omni Manor, Inc. for business property and other coverages on property located at 1355 Churchill-Hubbard Road in Youngstown, Ohio. ECF Dkt. #1-2 at 4. CIC indicated that the insurance policy also covered Liberty as an additional named insured. *Id.*

In its First Claim for Relief, CIC averred that Simplex, through its employees and authorized representatives, negligently inspected, recommended, maintained, repaired, and replaced numerous components of Liberty's sprinkler system in 2008 and 2009 which resulted in the sprinkler system leaking and allowing water to pour into Liberty's facility on December 6, 2009. ECF Dkt. #1-2 at 6. CIC indicated that Liberty sustained property, equipment, and supply damages due to Simplex's negligence and incurred business interruptions and additional labor costs, as well as significant expense to clean, repair and replace its damaged property. *Id.* CIC averred that Liberty reported its loss and damages to CIC and CIC paid in excess of $25,000.00 to Liberty. *Id.* CIC alleged that by way of the payments to Liberty, it became subrogated to the extent of those payments to the interest of Liberty against third-parties, including Simplex. *Id.* CIC's Second Claim for Relief adopted and realleged the prior facts of the complaint and asserted claims of negligence against John

Does I-V, employees and authorized representatives of Simplex that made the inspections, recommendations, services, repairs and replacement of components of the sprinkler system at Liberty's facility. ECF Dkt. #1-2 at 7. CIC claimed subrogation against John Does 1-V by reason of the payments it made to its named insured, Liberty, after CIC paid Liberty for reported losses and damages from the sprinkler system leaking and allowing water to pour into the facility. *Id.*

Upon removal of CIC's complaint to this Court, Simplex answered, admitting that it entered into a contract with Liberty and denying all other allegations of the complaint. ECF Dkt. #2 at 1-4.

On March 2, 2011, the parties consented to the jurisdiction of the undersigned. ECF Dkt. #12. On March 24, 2011, Simplex filed a motion for summary judgment asserting that it is entitled to judgment as a matter of law because the subrogation waiver in the contract between Liberty and Simplex bars CIC's claims, the contract between Liberty and Simplex had a one-year contractual statute of limitations which bars CIC's claims, and CIC has no tort remedy because Simplex owed it no tort duty independent of the contract between Liberty and Simplex. *Id.* at 6.

On April 13, 2011, CIC filed a motion for extension of time in which to perform discovery and file a response to Simplex's motion for summary judgment. ECF Dkt. #17. The Court granted this motion and ordered CIC to perform discovery and file a response to the motion for summary judgment by July 15, 2011.

On June 10, 2011, the Court granted an oral motion made by both parties at a telephonic conference to extend the discovery deadline and CIC's time to respond to the motion for summary judgment to August 15, 2011. ECF Dkt. #20.

On June 27, 2011, CIC filed the instant motion to stay the instant case in order to allow the *Simplex v. Windsor House* case to proceed. ECF Dkt. #22. CIC explained in its brief in support of the motion that the instant case and the *Simplex v. Windsor House* case both had the same underlying facts. *Id*. at 3. CIC asserted that Simplex incorrectly identified Windsor in its action in Trumbull County and Liberty filed an answer to the complaint and asserted a counterclaim against Simplex for the damages that it sustained as a result of Simplex's negligence in the inspections,

-3-

recommendations, services, repairs and replacement of components of the sprinkler system at Liberty's facility. *Id.* CIC noted that before CIC could consolidate its December 15, 2010 action in Trumbull County with the *Simplex v. Windsor House* case, Simplex filed a notice to remove that case to this Court. *Id.* CIC indicated that it had a pending motion to intervene in the *Simplex v. Windsor House* case. *Id.* at 4.

CIC explains in its motion to stay that the complaint before this Court and the *Simplex v. Windsor House* case remain pending and involve common issues of law and fact. ECF Dkt. #22 at 4. CIC claims that judicial economy requires that the cases be joined so that discovery and investigation need only be performed once. *Id.* CIC also asserts that inconsistent decisions may emanate if both cases continue to go forward at the same time. *Id.* While Simplex had suggested to CIC that the *Simplex v. Windsor House* case should be removed and consolidated with the case before this Court, CIC responds that it is not practical to do so because Simplex is the plaintiff in the Trumbull County case and Liberty, the defendant in the Trumbull County case, has decided not to remove the action to federal court. *Id.* CIC moves this Court to stay the instant case so that it may intervene in the *Simplex v. Windsor House* case where all parties are represented in one action. *Id.* On July 11, 2011, Simplex filed a brief in opposition to CIC's motion to stay. ECF Dkt. #23. Simplex argues that the instant case can be resolved on different legal issues than the *Simplex v. Windsor House* case, the instant case has progressed further than the *Simplex v. Windsor House* case, and a stay of the instant case could result in an indefinite delay because the state court lacked jurisdiction of the instant claims and pending motions could change the procedural posture of that case. *Id.* Simplex contends that the sole claims in the instant case are claims of subrogation and that the issues that it raises in its motion for summary judgment relate solely to legal issues and depend in no way upon the factual development of the state court case. *Id.* at 4. Simplex notes that it had filed a notice of voluntary dismissal with the state court and it intended to file a motion to realign the parties, which would allow removing the action for consolidation in federal court if granted. *Id.* Simplex further noted that CIC's motion to intervene in the state court action had not yet been

-4-

granted. *Id.*

On July 12, 2011, CIC filed a reply in support of its motion to stay, asserting that Simplex has created the burden with the state and federal courts by filing its collection action in state court and then removing CIC's property damage action to this Court. ECF Dkt. #24 at 2. CIC also contends that both cases must resolve whether Simplex was negligent in the repair, maintenance and service performed on the sprinkler system at Liberty. *Id.* CIC states that both cases must also interpret the numerous oral and written agreements between Simplex and Liberty. *Id.* CIC argues that a determination by this Court on issues of interpreting contracts between Simplex and Liberty may prejudice Liberty's counterclaim in state court even though Liberty is not a party to the federal action. *Id.* CIC further asserts that discovery in the *Simplex v. Windsor House* case had been delayed because Simplex has objected to CIC's motion to intervene and discovery should not proceed until all parties are involved and represented. *Id.* at 3.

On July 18, 2011, CIC filed a motion to amend its complaint in this Court. ECF Dkt. #26. CIC indicated that upon receiving Simplex's initial disclosures, it was now able to identify the John Doe defendants and wished to assert additional theories of recovery against Simplex, including gross negligence and recklessness and the breach of express warranties. *Id.* at 2-3. Simplex filed an opposition to the motion and CIC filed a reply. ECF Dkt. #s 31, 32.

On August 2, 2011, CIC and Simplex filed a joint motion to extend the current scheduling deadlines in this case by ninety days. ECF Dkt. #29. The Court granted the motion, extending the discovery, expert discovery, and dispositive motion deadlines.

On August 8, 2011, CIC filed a motion to dismiss the instant case without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. ECF Dkt. #30. Simplex filed a brief in opposition to the motion to dismiss on August 16, 2011 and on August 17, 2011, CIC filed a reply brief. ECF Dkt. #s 34, 35.

CIC also filed a motion for an extension of time within which to file a response to Simplex's motion for summary judgment and this Court granted CIC an extension until September 15, 2011

in which to file its response.  ECF Dkt. #33.

## II. RULE 41(A)(2) MOTION TO DISMISS THE INSTANT CASE (ECF DKT. #30)

CIC moves this Court pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure to dismiss the instant case without prejudice, asserting that proceeding in both the instant case and in the *Simplex v. Windsor House* case would create needless duplication of discovery on common issues of law and fact and may result in inconsistent decisions and rulings on legal issues that could affect all individuals and entities involved, including Liberty, who is not a party to the instant federal action but only a party to the state case.  ECF Dkt. #30 at 2-4.

Federal Rule of Civil Procedure 41(a) provides in pertinent part:

> (a) Voluntary Dismissal.
>
> (1) By the Plaintiff.
>
>> (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2 and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>>
>> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>>
>> (ii) a stipulation of dismissal signed by all parties who have appeared.
>>
>> (B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> (2) By Court Order; Effect.  Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(1)-(2).  Whether a dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court.  *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994); *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 757 (6th

Cir. 1974).

The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment. *Grover*, 33 F.3d at 718; *see also Langley v. DaimlerChrysler Corp.*, 407 F. Supp. 2d 897, 905 (N.D. Ohio 2005) (denying a motion to dismiss where the defendant had conducted discovery and filed a motion for summary judgment and the Plaintiff gave no explanation for her request to dismiss). It is an abuse of discretion to grant such a dismissal if defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit. *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217, 91 L. Ed. 849, 67 S. Ct. 752 (1947); *Grover,* 33 F.3d 716 at 718 (citing *Cone*).

In determining whether a defendant will suffer plain legal prejudice, a court should consider (1) the defendant's effort and expense of preparation for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation for the need to take a dismissal, and (4) whether a motion for summary judgment has been filed by the defendant. *Grover*, 33 F.3d at 718. "There is no requirement that each of the *Grover* factors be resolved in favor of the moving party before dismissal is appropriate. The factors are 'simply a guide for the trial judge, in whom the discretion ultimately rests." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed. Appx. 498, 2007 WL 507624, at **4 (6th Cir. Feb. 16, 2007), unpublished, quoting *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988), quoting *Tyco Labs., Inc. v. Koppers Co., Inc.*, 627 F.2d 54, 56 (7th Cir. 1980).

In the instant case, the Court finds that dismissal of CIC's complaint is appropriate because Simplex will not suffer plain legal prejudice. In reviewing the first and fourth factors to determine prejudice, the Court notes that Simplex has filed a motion for summary judgment in this case. ECF Dkt. #15. Simplex filed the motion on March 24, 2011, less than a month after this Court set case management deadlines, which included a discovery deadline of October 1, 2011 and a dispositive motion deadline of December 15, 2011. ECF Dkt. #11. The pending of a motion for summary judgment is a factor to consider in determining if dismissal is appropriate, but it does not mandate

a finding of plain legal prejudice. *Rosenthal*, 2007 WL 507624, at \*\*4. Moreover, courts are less likely to find legal prejudice where a defendant is still able to present a defense in a second action. *Id.*(citations omitted).

Here, while Simplex has expended effort and expense in this case and in preparing its motion for summary judgment, it is insufficient to justify denial of CIC's motion to voluntarily dismiss its case. Simplex could file the same or nearly the same motion in the state court since CIC is now a party to that action. Moreover, much, if not all, of the same discovery is useful to and/or has been used in the pending state action, to which CIC, Simplex and Liberty are all now parties. The Court notes that CIC filed a motion to intervene in the pending Trumbull County *Simplex v. Windsor* case and the Trumbull County court granted that motion on August 18, 2011. S*ee* http://courts.co.trumbull.oh.us/pa.urd/pamw2000.docket_lst?44923582. The Trumbull County Court of Common Pleas also granted Simplex's motion to voluntarily dismiss its complaint without prejudice in that case and its motion to realign the parties such that Windsor will become the plaintiff, Simplex will become the defendant, and CIC will now become a party and choose whether to come into the realigned case as a plaintiff or as a defendant. *Id.* Thus, all parties are involved in the Trumbull County case, whereas only CIC and Simplex are parties in the instant case.

The Court also finds that CIC did not excessively delay or lack diligence in prosecuting the action in this Court, the second factor in determining plain legal prejudice. Simplex asserts that CIC has excessively delayed in the instant case, citing to CIC's delay in responding to its motion for summary judgment. ECF Dkt. #34 at 3. The Court finds no intentional delay on the part of CIC in prosecuting this case. CIC filed its complaint against Simplex in the Trumbull County Court of Common Pleas on December 15, 2010. ECF Dkt. #1-2. Simplex removed that case to this Court on January 18, 2011. *Id.* Simplex filed the instant motion for summary judgment on March 24, 2011. ECF Dkt. #15. CIC moved for and this Court granted an extension of time until July 15, 2011 in which to perform discovery and respond to Simplex's motion for summary judgment. ECF Dkt. #17. Simplex did not oppose the extension and the Court finds no intentional delay tactic in CIC's

extension request, especially when the instant case was filed only several months prior. ECF Dkt. #1-2. Simplex attempts to support its allegation of delay on the part of CIC by asserting in its August 16, 2011 response to the motion to dismiss that CIC has been involved in the instant case for numerous months "but intervened in the state action a little over a week ago." ECF Dkt. #34 at 5. This is not true. The Trumbull County court docket reflects that CIC filed its motion to intervene in the *Simplex v. Windsor* case on March 29, 2011, and not the week of August 9, 2011. *See* http://courts.co.trumbull.oh.us/pa.urd/pamw2000.docket_lst?44923582. Exhibit #2.

Moreover, the other requests for time extensions to respond to the motion for summary judgment were made in the presence of and at least with the tacit approval of Simplex. This Court granted a second extension of time to the parties on June 10, 2011, pursuant to a telephonic hearing on a motion to quash, after *both* parties orally requested an extension of the time for conducting discovery until August 15, 2011 and CIC requested an extension of time within which to respond to the motion for summary judgment. ECF Dkt. #20. Again, no objection was made on behalf of Simplex. CIC then filed a motion for leave to amend its complaint on July 18, 2011, showing continuing effort to prosecute its case. ECF Dkt. #36. The parties thereafter filed a *joint* motion on August 2, 2011 requesting additional time to perform discovery and to extend the other deadlines by ninety days. ECF Dkt. #29. This Court granted that joint motion and extended the fact discovery deadline to November 14, 2011, expert discovery to December 29, 2011 and the deadline to file dispositive motions to March 14, 2012. CIC then filed the instant motion to dismiss and thereafter filed another motion for extension of time to respond to the motion for summary judgment, requesting that the Court allow it to respond to the motion for summary judgment after the Court ruled on its motion to dismiss without prejudice and motion for leave to file an amended complaint. ECF Dkt. #s 30, 33. This last request is also reasonable, given that the Court's ruling on the two other motions would impact whether CIC needed to file a response to the summary judgment motion. Accordingly, the Court finds that CIC did not excessively delay the prosecution of this case or lack diligence in prosecuting the instant case.

The third factor, CIC's explanation for the need for a dismissal, weighs in favor of granting the dismissal. CIC asserts that the instant case and the *Simplex v. Windsor* case involve common issues of fact and law regarding CIC, Simplex and Liberty, and the liability of Simplex to Liberty and CIC. ECF Dkt. #30 at 3. CIC points out that Liberty is not a party to the instant case and may be prejudiced by a ruling of this Court in the instant case. *Id*. CIC also indicates that discovery would be duplicated and inconsistent judgments could result on legal issues. *Id*.

The Court agrees with CIC that the instant case will involve interpretation of the contract between Liberty and CIC and the contract between Liberty and Simplex, and interpretation of these contracts will impact Liberty's rights and counterclaims in the *Simplex v. Windsor* case in Trumbull County even though Liberty is not a party to the instant case. Moreover, if this Court were to rule on the subrogation waiver issue, the Trumbull County court could rule to the contrary on the very same issues and inconsistent rulings and decisions could result, especially now that CIC has been granted permission to intervene in the state case.

For the foregoing reasons, the Court GRANTS CIC's motion to DISMISS the instant case case WITHOUT PREJUDICE. ECF Dkt. #30. Consequently, all other pending motions in this case are denied as moot. ECF Dkt. #s 15, 22, 26, and 36.

IT IS SO ORDERED.

SIGNED and ENTERED on this 9th day of September, 2011.

 */s/George J. Limbert*
GEORGE J. LIMBERT
UNITED STATES MAGISTRATE JUDGE